RUSSELL I. GLAZER (SBN 166198)
Email: rglazer@troygould.com
ANNMARIE MORI (SBN 217835)
Email: amori@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746

Attorneys for Plaintiffs
BROADCAST MUSIC, INC.; HOUSE OF BRYANT
PUBLICATIONS, LLC; PEER INTERNATIONAL
CORPORATION; PEERMUSIC III LTD.; GIBB
BROTHERS MUSIC; CROMPTON SONGS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; HOUSE OF BRYANT PUBLICATIONS, LLC; PEER INTERNATIONAL CORPORATION; PEERMUSIC III LTD.; GIBB BROTHERS MUSIC; CROMPTON SONGS,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOLLYWOOD BREWERY, LLC d/b/a BOOMTOWN BREWERY, KAGLEW MANAGEMENT LLC, ALEXANDROS KAGIANARIS and CHARLES LEW,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

Plaintiffs Broadcast Music, Inc., House of Bryant Publications, LLC, Peer International Corporation, Peermusic III Ltd.; Gibb Brothers Music; Crompton Songs (collectively, "Plaintiffs" by their attorneys, for their Complaint for Copyright Infringement against Defendants The Hollywood Brewery, LLC d/b/a Boomtown Brewery, Kaglew Management LLC, Alexandros Kagianaris and Charles Lew (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff House of Bryant Publications, LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Peer International Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Peermusic III Ltd. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Gibb Brothers Music is an estate. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Crompton Songs is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Defendant The Hollywood Brewery, LLC is a limited liability company organized and existing under the laws of the state of California, which operates, maintains and controls an establishment known as Boomtown Brewery, located at 700 Jackson St. Los Angeles, CA 90012, in this district (the "Establishment").

11. In connection with the operation of the Establishment, Defendant The Hollywood Brewery, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12. Defendant The Hollywood Brewery, LLC has a direct financial interest in the Establishment.

13. Defendant Kaglew Management LLC is a limited liability company organized and existing under the laws of the state of California. Kaglew Management LLC is a member of Defendant The Hollywood Brewery, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

14. Defendant Kaglew Management LLC has the right and ability to supervise the activities of Defendant The Hollywood Brewery, LLC and a direct financial interest in that LLC and the Establishment.

15. Defendants Alex Kagianaris and Charles Lew are members of Defendant Kaglew Management LLC with responsibility for the operation and management of that limited liability company and the Establishment.

16. Defendants Alex Kagianaris and Charles Lew have the right and ability to supervise the activities of Defendant The Hollywood Brewery, LLC and a direct financial interest in that LLC and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 16.

18. Since October 2022, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

19. Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all

respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23.  For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24.  For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

25.  The specific acts of copyright infringement alleged in the Complaint for Copyright Infringement, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

26.  Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504. Plaintiffs further seek an order that Defendants be enjoined, pursuant to 17 U.S.C. § 502 from infringing, in any manner, the copyrighted musical compositions licensed by BMI.

WHEREFORE, Plaintiffs pray that:

(I)  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)  Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: October 7, 2024                    TROYGOULD PC


By: ___/s/ *AnnMarie Mori*___
     AnnMarie Mori
Attorneys for Plaintiffs
BROADCAST MUSIC, INC.; HOUSE OF BRYANT PUBLICATIONS, LLC; PEER INTERNATIONAL CORPORATION; PEERMUSIC III LTD.; GIBB BROTHERS MUSIC; CROMPTON SONGS

# Schedule

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | All I Have To Do Is Dream |
| Line 3 | Writer(s) | Boudleaux Bryant |
| Line 4 | Publisher Plaintiff(s) | House of Bryant Publications, LLC |
| Line 5 | Date(s) of Registration | 1/27/86     4/23/58 |
| Line 6 | Registration No(s). | RE 282-205     Ep 118560 |
| Line 7 | Date(s) of Infringement | 07/26/2024 |
| Line 8 | Place of Infringement | Boomtown Brewery |

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | Everyday |
| Line 3 | Writer(s) | Norman Petty; Charles Hardin |
| Line 4 | Publisher Plaintiff(s) | Peer International Corporation |
| Line 5 | Date(s) of Registration | 6/17/85     6/17/85<br>11/19/57     9/9/57 |
| Line 6 | Registration No(s). | RE 252-810     RE 252-715<br>Ep 114122     Eu 493662 |
| Line 7 | Date(s) of Infringement | 07/26/2024 |
| Line 8 | Place of Infringement | Boomtown Brewery |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Georgia On My Mind |
| Line 3 | Writer(s) | Stuart Gorrell; Hoagy Carmichael |
| Line 4 | Publisher Plaintiff(s) | Peermusic III Ltd. |
| Line 5 | Date(s) of Registration | 12/23/57     12/31/57 |
| Line 6 | Registration No(s). | R 205803     R 205347 |
| Line 7 | Date(s) of Infringement | 07/26/2024 |
| Line 8 | Place of Infringement | Boomtown Brewery |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | To Love Somebody |
| Line 3 | Writer(s) | Barry Gibb; Robin Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 7/24/67   12/3/75 |
| Line 6 | Registration No(s). | Eu 5936   Ep 351143 |
| Line 7 | Date(s) of Infringement | 07/26/2024 |
| Line 8 | Place of Infringement | Boomtown Brewery |